UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REPNET, INC.,
a Minnesota corporation,

        Plaintiff,

v.

BINGHAM AND TAYLOR CORP.,
a Virginia corporation,

        Defendant.

Civil File No. _____

**(Trial by Jury Demanded)**

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND BREACH OF CONTRACT

Plaintiff Repnet, Inc., ("Plaintiff") for its Complaint against Defendant Bingham and Taylor Corp. ("Defendant") respectfully states and alleges as follows:

### PARTIES

1. Plaintiff is a Minnesota corporation having its principal place of business at 10740 Lyndale Avenue South, Suite 16W, Bloomington, Minnesota 55420. Plaintiff does business under the assumed name "Rhino Marking and Protection Systems."

2. Upon information and belief, Defendant Bingham and Taylor Corp. is a Connecticut corporation having its principal place of business at 601 Nalle Place, Culpeper, Virginia 22701 and a mailing address at P.O. Box 939, Culpeper, Virginia 22701.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.) and supplemental jurisdiction pursuant to 38 U.S.C. § 1367 in that this action

includes breach of a contract for which this Court has continuing jurisdiction to resolve all disputes arising out of prior litigation before this Court.

4. Upon information and belief, Defendant conducts business in the state of Minnesota and is subject to personal jurisdiction pursuant to Minn. Stat. § 543.19. Defendant has by contract acquiesced to the personal jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as Defendant is subject to personal jurisdiction in this district, and conducts business in this district through its distributor network. Defendant has by contract acquiesced to venue being proper in this Court.

## COUNT I
## D525,721 PATENT INFRINGEMENT BY DEFENDANT

6. Plaintiff incorporates and repeats the foregoing paragraphs 1-5 of this Complaint.

7. On July 25, 2006, United States Patent No. D525,721 (hereinafter "the '721 Patent") for a particular "MARKING POST" was duly and legally issued to Scott D. Landes. A true and correct copy of the '721 Patent is attached hereto as Exhibit A.

8. Plaintiff is the owner of the '721 Patent by assignment from Mr. Landes and thereby is authorized and has standing to bring legal action to enforce all rights arising under the '721 Patent.

9. Plaintiff manufactures, markets, and sells marking posts, including under the name TriView®, that are made and fall within the scope of the '721 Patent.

10. Upon information and belief, Defendant has made, used, sold, offered for sale, or imported marking posts, including under the name High-V Markers, that incorporate the patented ornamental design for a marking post as claimed in the '721 Patent.

11. Upon information and belief, Defendant directly infringes, contributorily infringes, and induces the infringement of the '721 Patent, in violation of 35 U.S.C. § 271, and all causes of action there under, to the damage and injury of Plaintiff.

12. Upon information and belief, the acts of infringement by Defendant are willful, intentional, and in conscious disregard of Plaintiff's rights in the '721 Patent.

13. Upon information and belief, as a result of Defendant's infringement of the '721 Patent, Defendant has made and will continue to make unlawful gains and profits. Further, Plaintiff has been and will continue to be irreparably damaged and deprived of its rights secured by the '721 Patent due to the unlawful infringement by Defendant.

14. Upon information and belief, Plaintiff has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for such infringement, and Defendant has caused and will continue to cause losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

15. Plaintiff is entitled to preliminary and permanent injunctive relief, enjoining Defendant, and all persons in active concert with them, from further and continuing infringement of the claims of the '721 Patent.

## COUNT II
## BREACH OF CONTRACT BY DEFENDANT

16. Plaintiff incorporates and repeats the foregoing paragraphs 1-15 of this Complaint.

17. Plaintiff previously brought an action against Defendant in this Court on April 26, 2010, Civil Action No. 0:10-cv-01796 (JMR/FLN) ("the Action") alleging of the '721 Patent.

18. Effective July 28, 2010, Plaintiff and Defendant executed a Settlement Agreement "to settle and compromise all their claims, defenses, counterclaims, differences, and causes of action arising or related to the Action and to avoid future litigation" ("the Agreement").

19. One of the terms of the Agreement precludes Defendant from "manufacturing, importing, using, selling, or offering for sale any product covered by the '721 Patent."

20. Defendant's offering for sale its High-V Markers is contrary to the Agreement.

21. Plaintiff did not give Defendant permission to offer for sale its High-V Markers.

22. Defendant's offering for sale its High-V Markers breaches the core purpose of the Agreement to prevent Defendant from infringing the '721 Patent and amounts to a material breach of the Agreement.

23. Plaintiff has been harmed by Defendant's material breach of the Agreement and is entitled to recover direct and consequential damages, including, but not limited to, lost profits.

## JURY DEMAND

24. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. A judgment that Defendant has directly infringed, induced infringement, or contributed to the infringement of Plaintiff's rights in the '721 Patent;

B. A judgment that Defendant has breached the Agreement;

C. A judgment preliminarily and permanently enjoining and restraining Defendant and its subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys and all others in active concert with them, from directly infringing, infringing by inducement or contributing to the infringement of the '721 Patent;

D. A judgment that Defendant's various acts of infringement have been in willful, knowing, and deliberate disregard of Plaintiff's patent rights and requiring Defendant to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement, with interest;

E. A judgment awarding Plaintiff damages, including lost profits, adequate to compensate for Defendant's infringement, but not less than a reasonable royalty, resulting from Defendant's various acts of infringement;

F. A judgment awarding Plaintiff the total profits of Defendant gained by its infringement pursuant to 35 U.S.C. § 289;

G. A judgment awarding damages to Plaintiff for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including damages for an exceptional case, pursuant to 35 U.S.C. § 285 and otherwise as provided by law;

H. A judgment awarding Plaintiff damages adequate to compensate it for Defendant's breach of the Agreement;

I. A judgment awarding Plaintiff pre-judgment and post-judgment interest on Plaintiff's damages as allowed by law; and

J. Such other relief as the Court may deem just and equitable.

Respectfully submitted,

**PATTERSON THUENTE PEDERSEN, P.A.**

Dated: August 9, 2017 By: ___s/ Tye Biasco___
Eric H. Chadwick (#248,769)
Tye Biasco (#325,600)
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

**ATTORNEYS FOR PLAINTIFF
REPNET, INC.**

2214929

**EXHIBIT A**
United States Patent No. D525,721